Bussey v. Hemp et al.

48    195
113  ²380

1. *Promissory Note Transferred by Blank Indorsement, etc.*—*Presumption.*—When the transfer of a negotiable note is made by indorsement without date and the actual time of the transfer is not proven, the presumption of law is that the note was transferred before maturity; this presumption, however, is slight and weak and may be overcome by proof.

2. *Order of Proofs.*—The order in which competent evidence shall be received is largely in the discretion of the court, and not subject to review except where the discretion is clearly abused.

Memorandum.—Action upon a promissory note. Appeal from a judgment of the Circuit Court of Sangamon County, for the defendants. The Hon. JACOB FOUKE, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

APPELLANT'S STATEMENT OF THE CASE.

This case was brought by Samuel T. Bussey, indorsee, to recover on a promissory note made by J. H. Hemp and Samuel Metcalf to J. B. Tibbitts, indorser, which note is as follows:

$90.                    LANESVILLE, ILL., July 22d, 1890.

Thirty days after date we promise to pay to the order of J. B. Tibbitts ninety (90.00) dollars at Urbana, Ill. Value received. No. 10764.                    J. H. HEMP,
                            SAMUEL METCALF.

Indorsed on the back " Joseph B. Tibbitts."

The case was originally brought before a justice of the peace and a verdict rendered in favor of the plaintiff for $93.90, principal and interest after maturity, but upon appeal to the Circuit Court a verdict was rendered in favor of defendants, and the plaintiff appealed.

APPELLANT'S BRIEF.

The defendants having admitted the making of the note, the plaintiff was presumptively a *bona fide* holder. This being true, the defendant, before he advanced the defense of

"failure of consideration," should have been required to impeach the position of the plaintiff by adducing evidence, sufficient to go to the jury, tending to negative the plaintiff's good. faith. Irwin v. Wright, 33 Mich. 32; Abbott's Trial Evidence, 447; Samuel P. Brown et al. v. Simon A. Spofford, 95 U. S. 474.

It is hardly necessary to add that all the presumptions were in favor of the plaintiff in this case, and we deem the language of the court in the case of John W. Cisne v. Abram Chidester, in 85th Ill. 523, as strictly applicable to the case at bar, wherein the court says:

"Where a promissory note is indorsed and there is no evidence of the time of the indorsement, or tending to charge the assignee with notice, he will be presumed to be a *bona fide* holder for a valuable consideration, before maturity, and the question of a want or failure of consideration can not arise in a suit on the note by such assignee." Murry v. Lardner, 2 Wallace (U. S.), 110.

Selby Bros. and Geo. A. Wood, attorneys for appellant.

### Appellees' Brief.

So far as the assignments of error on ruling upon admitting or excluding evidence are concerned, we submit that as no such questions were raised by motion for new trial they can not be considered here. O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 111; Miller v. Ridgely, 19 Brad. 308; Clause v. Bullock P. P. Co., 20 Brad. 116.

Appellant does not assign for error entering of the judgment on the verdict even. The only question to be decided is the one which was passed on by the jury, the pure question of fact as to whether appellant was a *bona fide* purchaser before maturity. There is very little controversy about the law applicable to this case and we do not believe a full consideration of the evidence will cause this court to differ with the jury and trial judge. Counsel cites in their brief part of the syllabus in Cisne v. Chidister, 85 Ill. 523, as the law. While we recognize the rule laid down in the opinion as correct in a case "where there was no evidence whatever as

to the time of the indorsement of the note or of any want of good faith," yet we submit this case does not fall within that category.

The true rule upon this question is that the indorsement is presumed to have been made at the date of the note, where there is no date to the indorsement. Stewart v. Smith, 28 Ill. 408; White v. Weaver, 41 Ill. 412; Clark v. Johnson, 54 Ill. 298.

Where it is shown to have been made after the note the burden is on the holder to show it was indorsed before suit was brought. 2 Randolph on Commercial Paper, Sec. 686.

While this rule has sometimes been stated to be a "before maturity" presumption, yet it is founded on this rule of date of the note. Apart from this general rule there is no presumption as to the date. Benjamin's Chalmer's Digest on Notes and Bills, p. 136, Art. 122.

This presumption may be rebutted, and when evidence tending to rebut it is introduced it becomes a question of fact for a jury. Daniel on Negotiable Instruments, Vol. 1, p. 642, Sec. 784, thus speaks of this presumption:

"But the presumption as to the time of acquiring the instrument is not a strong one. The indorsement is invariably without date and without witnesses. The transfer, by delivery merely, leaves no footprints upon the paper by which the time can be traced. And the presumption in favor of the holder as to the time of transfer, being without any written corroborative testimony, is of the slightest nature, and open to be blown away by the slightest breath of suspicion."

CONKLING & GROUT, attorneys for appellees.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

This was an action brought by the appellant to recover upon a note given by appellees to one Tibbitts, who indorsed it to the appellant. A trial before a jury resulted in a verdict and judgment against the appellant. It is not questioned but that the appellees established a good defense as

against the original payee. The only material question arising is whether the appellant purchased the note before or after maturity, the defense failing if the purchase was before the note fell due. The indorsement upon the note is without date, and the actual time of the transfer is not proven. The presumption of law is that the note was transferred before maturity. This presumption is, however, slight and weak, and may be overcome and rebutted by proof. Parson's Notes and Bills, Vol. 1, page 255; Daniel's Negotiable Instruments, Sec. 784, Vol. 1.

Facts and circumstances were proven tending to show that the note was past due when appellant purchased it, and we are not prepared to say such evidence was insufficient to overcome the legal presumption to the contrary, weak and slight as such presumption is. Complaint is made that the court admitted evidence relating to the failure of the consideration of the note before all the evidence bearing upon the question of the date of its transfer was offered.

The order in which competent evidence shall be received is largely in the discretion of the court, and not subject to review except the discretion is clearly abused. We do not think the appellant has just grounds of complaint of the action of the court in this respect.

Finding no error the judgment is affirmed.